UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kristyn Graham

    v.                           Civil No. 10-cv-332-JL

Joanne Fortier, Warden,
New Hampshire State Prison
for Women et al.

**O R D E R**

Kristyn Graham brings this civil rights action pursuant to 42 U.S.C. § 1983, asserting that defendants have violated a number of her federal constitutional rights (doc. no. 1), and that defendants are liable to her under state tort law. Because Graham is a prisoner proceeding pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). Also before the Court is Graham's motion to waive filing fee (doc. no. 4).

For the reasons explained in the Report and Recommendation issued simultaneously with this Order, I find that Graham has stated claims upon which relief might be granted for violations of her rights under the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act, 42

U.S.C. § 2000cc-1(a), against defendant Joanne Fortier alleging the denial of access to weekly religious services. Without further comment on the merits of those claims, I direct that they be served on Fortier.

### Motion to Waive Filing Fee

Graham has filed a motion to waive the filing fee in the above-captioned case (doc. no. 4). Graham alleges that during a hearing held on June 17, 2009, in a previous lawsuit, <u>Graham v. Fortier et al.</u>, Civ. No. 07-cv-295-PB, Judge Barbadoro told her that she would not have to pay a filing fee if she filed another civil rights action. Graham relies on that assertion in seeking this waiver.

Upon review of the record of that hearing, it is clear that what Judge Barbadoro actually said was that if Graham wanted to file a new action raising anew certain claims that had been raised and dismissed in that lawsuit, and did so within thirty days of the 2009 hearing, the court would not require her to pay an additional filing fee. Judge Barbadoro's allowance did not give Graham a fee waiver in any future lawsuit filed.

The instant lawsuit, dealing with claims that arose after the 2009 hearing, does not concern the claims at issue in the 2009 hearing. Further, this action was filed on September 2, 2010, approximately 14½ months after the June 17, 2009, hearing. The fees required for filing this lawsuit clearly do not fall

2

within the scope of the comments made at the 2009 hearing. Accordingly, the motion to waive the filing fee (doc. no. 4) is DENIED.

## Conclusion

The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General ("AG's office"), as provided in the Agreement on Acceptance of Service, copies of this Order, the complaint (doc. no. 1), and the Report and Recommendation issued this date. See LR 4.3(d)(2)(C).

Within thirty days from receipt of these materials, the AG's office will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf. When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period which runs from the AG's receipt of these materials.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG's office declines to represent, the AG's office shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on such defendants, in accordance with this Order and Fed. R. Civ. P. 4(c)(3).

Defendants are instructed to answer or otherwise plead within twenty-one days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: November 15, 2010

cc: Kristyn Graham, pro se

LBM:jba