**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Kristyn Graham</u>

    v.                                      Civil No. 10-cv-332-JL

<u>Joanne Fortier, Warden,
New Hampshire State Prison
for Women et al.</u>

**REPORT AND RECOMMENDATION**

    Kristyn Graham filed a civil rights action pursuant to 42 U.S.C. § 1983 (doc. no. 1). This Court conducted a preliminary review of Graham's complaint and issued a Report and Recommendation recommending the dismissal of most of Graham's claims (doc. no. 6) and an Order directing service of claims regarding Graham's religious practice (doc. no. 7).

    Graham objected to this Court's recommendation of dismissal of her claim against Nurse Jean Chapman, asserting inadequate medical care, in violation of the Eighth Amendment. The objection has been referred to this Court to determine whether the objection should be construed as a motion to amend the complaint and, if so, whether the allegations in that filing alter this Court's previous recommendation (doc. no. 10).[1]

---

[1] The District Judge's Order states as follows:

    Although the court is inclined to approve the
    Report and Recommendations, the bold faced

The Court now recommends that the factual assertions in the objection (doc. no. 8) be construed as a motion to amend and be accepted as an addendum to the initial complaint (doc. no. 1) in this matter.  Upon consideration of those facts, however, for the reasons stated herein, the Court declines to alter the previously issued recommendation that Graham's Eighth Amendment claim be dismissed.

I.  Graham's Allegations

   A.  Facts in Original Complaint

Graham alleged in her initial complaint that, on May 15, 2010, Graham requested pain medication from Nurse Belligeron at the New Hampshire State Prison for Women, for a kidney stone that had not yet passed.  Graham had been taking Vicodin for three days, and expected to see a urologist on May 15, 2010.  On May 15, 2010, however, the Vicodin prescription expired and the urologist appointment was postponed.  Nurse Belligeron contacted the on-call physician who declined to prescribe additional medication.

---

> portions of the petitioner's objection set forth on pages 6-8 thereof might be construed as a motion to amend the complaint.  In an abundance of  caution due to the petitioner's pro se status, the court refers the objection (doc. no. 8) to Judge McCafferty to determine:  (a) whether that portion of the objection should be so construed; (b) if so, whether the proposed amendment would change the recommendation, and (c) if so, how to proceed.

On May 17, 2010, Graham went to sick call and saw Nurse Jean Chapman. Chapman stated that she did not believe Graham's assertion that the stone had not yet passed, declined to provide pain medication, and declined to call the on-call physician.

Graham then took matters into her own hands, and took another inmate's anti-inflammatory medication. Graham received a disciplinary write-up and was moved to maximum security.

Several days later, Graham saw the prison physician who stated that Chapman broke prison protocol by not calling the on-call physician on May 17, 2010. The doctor also renewed Graham's Vicodin prescription.

On May 21, 2010, Graham saw an outside urologist who prescribed medication to help her pass the stone. The treatment was successful, and no further medical intervention was required.

### B.   New Facts in Objection

In her objection to the Court's Report and Recommendation, Graham states that Chapman intentionally ignored Graham's pain on May 17, 2010, with the intent to punish Graham. Graham complains that Chapman authorized ibuprofen for Graham, and that ibuprofen is toxic to her, given her medical condition. Graham then goes on to complain that despite authorizing ibuprofen, Chapman failed to give it to Graham, thus denying Graham needed

3

pain relief. Graham further alleges that when Chapman refused to call a doctor or provide her any medication for pain relief, Chapman told Graham that "medical was all done with her." Generously construing these allegations, it appears that Graham is claiming that Chapman intentionally caused her pain, because, as a result of Chapman's actions, Graham received no treatment for pain on May 17, 2010.

Graham has also attached to her objection medical records from the time period in question. Chapman's notes from May 17, 2010, indicate that Graham: (1) was receiving a medication, Ditropan, that was not helping her; (2) did not want Vicodin, because she is an addict and Vicodin "triggered" her; and (3) wanted a specific drug she had taken before, Pyridium, prescribed. Graham also told Chapman that she was taking five ibuprofen (1000 mg) at a time. The notes do not indicate that Chapman disbelieved Graham had a kidney stone. Rather, Chapman noted Graham either previously had, or then had a kidney stone. Chapman recommended that Graham not take more than 400mg of ibuprofen at a time.

## II. Conclusion

The allegations in the objection do not add facts to those asserted in the complaint that alter the Court's analysis of the Eighth Amendment question – whether or not Chapman, with

4

deliberate indifference, failed to provide Graham with adequate medical care for her serious medical need.  Assuming that the pain associated with the stone constituted a serious medical need, the facts alleged in the complaint as a whole belie the notion that Graham was denied constitutionally adequate care.  Accordingly, this Court declines to change its recommendation that Graham's Eighth Amendment claim be dismissed.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010); <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  March 9, 2011

cc:  Kristyn Graham, pro se
     Karen A. Schlitzer, Esq.

LBM:jba